UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

NIURKA OLAZABAL, an individual,

    Plaintiff,

v.

ENVIROTEK LLC, a Florida Limited Liability Company,
ENVIROTEK REALTY LLC, a Florida Limited Liability
Company, and ALFREDO FERRO, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, NIURKA OLAZABAL (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, ENVIROTEK LLC, a Florida Limited Liability Company, ENVIROTEK REALTY LLC, a Florida Limited Liability Company, and ALFREDO FERRO, individually (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a real estate asset management business based at 40 SW 13th Street, Unit 703, Miami, Florida 33130 in Miami-Dade County and specializing in advising foreign investors in the acquisition of real estate to produce short to long-term term investment returns.

3. At all times material to this Complaint, Defendants, ENVIROTEK LLC and ENVIROTEK REALTY LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, Defendants, ENVIROTEK LLC and ENVIROTEK REALTY LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities,

1

however constituted, were joint employers of Plaintiff because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff. As a second alternative, Defendants, ENVIROTEK LLC and ENVIROTEK REALTY LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff. As a final alternative, Defendants, ENVIROTEK LLC and ENVIROTEK REALTY LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

4. Defendant, ALFREDO FERRO, at all times material to this Complaint owned and managed ENVIROTEK LLC and ENVIROTEK REALTY LLC and Defendant FERRO regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of ENVIROTEK LLC and ENVIROTEK REALTY LLC. By virtue of such control and authority, Defendant FERRO is an employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

5. Plaintiff brings this action against Defendants for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act, 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7. A substantial part of the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

8. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, ENVIROTEK LLC and ENVIROTEK REALTY LLC had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, ENVIROTEK LLC and ENVIROTEK REALTY LLC employed two (2) or more employees who, *inter alia*, regularly: (a) worked with customers in locations outside of Florida including but not limited to Columbia, Ecuador, Peru, and multiple locations across the United States; (b) handled and worked with office and banking equipment such as copiers, scanners, faxes, computers and telephones, and automatic teller machines as well as supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (c) processed credit card, debit card, and/or electronic bank or other electronic financial and/or transfer payments through banks and/or merchant services companies.

9. Based upon information and belief, the annual gross sales volume of ENVIROTEK LLC and ENVIROTEK REALTY LLC was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

10. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, ENVIROTEK LLC and ENVIROTEK REALTY

LLC constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. In approximately June 2019, Defendants hired Plaintiff to work in the position titled as "Office Manager" and reporting to (i) Defendants' Director of Administration, Oscar Trejos; and (ii) Defendant FERRO.

12. Throughout the three (3) year statute of limitations period between July 2019 and November 2019, Plaintiff worked for Defendants in the position titled as "Office Manager," with Plaintiff's primary duties consisting of the following non-exempt tasks: (a) collecting rents and sending out payments and real estate commissions; (b) receiving and processing tenant inquiries and complaints as well as customer service for Defendants' clients; (c) data entry, bank reconciliations, and Quickbooks for monthly bookkeeping; and (d) closing-related work to assist with properties sold to investors.

13. The primary job duties Plaintiff performed for Defendants during the statute of limitations period between July 2019 and November 2019 while in the "Office Manager" position *did not* involve the exercise of independent judgment nor were Plaintiff's primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

14. Likewise, the primary duties Plaintiff performed for Defendants between July 2019 and November 2019 required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administration or production operations.

15. Instead, throughout the course of the time Plaintiff worked in the "Office Manager" position for Defendants between July 2019 and November 2019, Plaintiff devoted the majority of her working time for Defendants each week to performing non-exempt ministerial, clerical and customer service tasks for Defendants' real estate management business.

16. Finally, the primary duties of Plaintiff for Defendants during the three (3) year statute of limitations period between July 2019 and November 2019 while in the "Office Manager" position *was not* management of Defendants' office or any department(s) within the office or Defendants' business overall, and Plaintiff had no authority for and *did not* regularly interview, hire, discipline, or fire employees of Defendants.

17. During the three (3) year statute of limitations period between July 2019 and November 2019, Plaintiff regularly worked for Defendants while in the position of "Office Manager" an average of Five (5) days per week with start times as approximately 9:00 a.m. and stop times as late as approximately 9:30-10:00 p.m., regularly averaging between approximately Fifty-Five (55) and Sixty (60) hours per week.

18. However, Defendants failed to pay Plaintiff time and one-half wages for all of the hours she worked in excess of Forty (40) hours per week for Defendants in numerous work weeks during the three (3) year statute of limitations period between July 2019 and November 2019 present as required by the Fair Labor Standards Act, with Defendants, instead misclassifying Plaintiff as exempt from the FLSA's overtime compensation requirements despite her primary duties being non-exempt in nature and Defendants paying Plaintiff salaried wages for Forty (40) hours of work per week between July 2019 and November 2019 without time and one-half compensation for the overtime hours Plaintiff regularly worked for Defendants.

19. Subject to discovery, based upon Defendants paying Plaintiff average gross weekly wages of approximately $1,354.17 for Forty (40) hours of work per week and Plaintiff being owed an average of between approximately Fifteen (15) and Twenty (20) uncompensated overtime hours per week from Defendants during a total of approximately Nineteen (19) work weeks between July 2019 and November 2019, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $50.78/hour [$1,354.17/40 hours = $33.85/hour x 1.5 = $50.78/hour], Plaintiff's unpaid overtime wages total between approximately **$14,472.66** and **$19,296.88** [$50.78/hour x 15-20 OT hours/week x 19 weeks = $14,472.66 to $19,296.88]. In the alternative, if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rates of $11.28/hour and $12.31/hour [$1,354.17/60 hours = $22.57/2 = $11.28/hour/$1,354.17/55 hours = $24.52/hour/2 = $12.31/hour], Plaintiff's unpaid overtime wages total between approximately **$3,508.52** and **$4,288.19** [$11.28-12.31/hour x 15-20 OT hours/week x 19 weeks = $3,508.52 to $4,288.19].

20. Based upon information and belief, Defendants failed to maintain accurate records of Plaintiff's actual start times, stop times, number of hours worked each day, and total hours actually worked each week during the three (3) year statute of limitations period between July 2019 and November 2019 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

21. Nonetheless, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff as an "Office Manager" during each week between July 2019 and November 2019 but Defendants willfully failed to compensate Plaintiff for all of her actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA, 29 U.S.C. §207.

22. The complete records reflecting the compensation paid by Defendants to Plaintiff each week while in the "Office Manager" position between July 2019 and November 2019 are in the possession, custody, and/or control of Defendants.

**COUNT I**
**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

23. Plaintiff, NIURKA OLAZABAL, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

24. Plaintiff is entitled to be paid time and one-half of her applicable regular rate(s) of pay for each hour she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between July 2019 and November 2019.

25. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of her applicable regular rate(s) of pay for all hours Plaintiff worked for Defendants in excess of Forty (40) per week during the three (3) year statute of limitations period between July 2019 and November 2019.

26. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff with time and one-half wages for all of the actual overtime hours Plaintiff worked while in the position of "Office Manager" for Defendants during the statute of limitations period between July 2019 and November 2019 based upon, *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

27. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

28. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for its failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff as an "Office Manager," as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

29. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

30. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, NIURKA OLAZABAL, demands judgment against Defendants, jointly and severally, ENVIROTEK LLC, ENVIROTEK REALTY LLC, and ALFREDO FERRO, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: March 2, 2020

Respectfully submitted,

By: **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Attorneys for Plaintiff

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Envirotek LLC, Envirotek Realty LLC, and Alfredo Ferro**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Olazabal Niurka*
Olazabal Niurka

**Niurka Olazabal**